UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:16-CR-98 |
| | ) |
| MARK CHRISTOPHER RYANS | ) |
| | ) |

OPINION AND ORDER

Mark Christopher Ryans filed a *pro se* motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A) due to his health conditions and the COVID-19 pandemic [Doc. 31]. Because the relevant factors in 18 U.S.C. § 3553(a) do not support a modification, the Court denies his request.

I. *Background*

On August 16, 2016, Ryans was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) [Doc. 1]. Ryans pleaded guilty on March 29, 2017 [Doc. 19]. As set forth in the plea agreement, Ryans unlawfully possessed a firearm and ammunition and law enforcement located him after he exited a car in the wee hours of the morning "and shot a single shot in a residential area" [Doc. 16 at ¶ 5].

Ryans had a criminal history so substantial that he was classified as an armed career criminal with a criminal history category of VI [*Id.* at ¶ 43]. Among other dangerous and violent acts, Ryans had two previous convictions for robbery in which he robbed store employees using a firearm [*Id.* at ¶¶ 35, 36]. Ryans had also been convicted of criminal trespass [*Id.* at ¶ 37]. In addition, Ryans was convicted of conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime [*Id.* at ¶ 39], and committed the underlying felon in possession offense while still serving a term of supervised release for that cocaine-trafficking conspiracy [*Id.* at ¶ 41].

Ryans was subject to a mandatory term of at least 180 months' imprisonment. Further, Ryans and the United States agreed that a 180-month sentence, followed by a five-year term of supervised release, reflected the appropriate disposition of the case under Federal Rule of Criminal Procedure 11(c)(1)(C) [Doc. 16 at ¶ 7]. Given Ryans's total offense level, criminal history, and the Section 3553(a) factors, the Court accepted the plea agreement and sentenced Ryans to 180 months' imprisonment, concluding that the 180-month sentence was sufficient, but not greater than necessary, to accomplish the purposes of sentencing [Doc. 28]. To date, Ryans has served approximately 57 months of his 180-month sentence.

Ryans now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) [Doc. 31]. In support of his request, Ryans, who is 41 years old, argues that medical conditions including diabetes and high blood pressure put him at elevated risk of complications from COVID-19 were he to contract the disease while incarcerated [*Id.* at 1–2]. As of the March 29, 2021 filing of his motion, Ryans asserts that he has written "the warden and all the lower chain of command" about his request, but has "not received anything back" [*Id.* at 1–2].

II.     *Discussion*

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and

compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Because consideration of the Section 3553(a) factors is dispositive, the Court begins its analysis there.[1] Ryans is serving an agreed-upon 180-month sentence for felon in possession of a firearm and ammunition [Doc. 16 at ¶ 1(a)]. To date, he has only served 57 months of that sentence. Ryans has a substantial criminal history that includes dangerous and violent offenses—robberies using a firearm [Doc. 21 at ¶¶ 35, 36], drug-trafficking, and possession of a firearm in furtherance of drug-trafficking [*Id.* at ¶ 39]. *See* 18 U.S.C. § 3553(a)(1). As such, the public still requires protection from further crimes of Ryans. *See* 18 U.S.C. § 3553(a)(2)(C). In addition, the fact that Ryans committed the underlying offense of conviction while serving a term of supervised release [Doc. 21 at ¶ 41] indicates that he had not yet been adequately deterred from criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). While diabetes and high blood pressure may leave Ryans at greater risk of complications were he to contract COVID-19, on balance, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, and the need for the sentence imposed to protect the public from further crimes of the defendant outweigh that concern.

---

[1] In his March 29 motion, Ryans represents that he had written "the warden and the lower chain of command" at the Bureau of Prisons (BOP) to request compassionate release and received no response [Doc. 31]. Taking Ryans's assertion as true, more than thirty (30) days have passed since the warden received his request that BOP bring a motion on his behalf. Accordingly, Ryans has satisfied the threshold exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

Moreover, COVID-19 infection rates have significantly decreased as vaccines have become widely available.

Having considered all of the Section 3553(a) factors, a modification of Ryans's sentence is not appropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Ryans's motion is accordingly **DENIED**.

IT IS SO ORDERED.

                                                  KATHERINE A. CRYTZER
                                                  United States District Judge