UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CR-98-KAC-JEM |
| | ) |
| MARK CHRISTOPHER RYANS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Before the Court is Defendant Mark Christopher Ryans's third pro se "Motion[] for Compassionate Release" under 18 U.S.C. § 3582(c)(1)(A) [Docs. 45; 46].[1] In this Motion, Defendant asks the Court to modify his sentence because of his "health conditions" and the "COVID-19 pandemic" [Docs. 45 at 1; 46 at 1]. The Federal Defender Services of Eastern Tennessee (FDSET) filed a Supplement to Defendant's Motion [Doc. 47], and the United States filed a Response [Doc. 48]. Because the relevant factors in 18 U.S.C. § 3553(a) do not support a modification, the Court denies Defendant's Motion. *See* 18 U.S.C. § 3582(c)(1)(A).

**I.     Background**

On August 16, 2016, the Grand Jury charged Defendant with possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 1]. Defendant pled guilty on March 29, 2017, admitting that he fired a shot in a residential area while he was under federal supervision for a cocaine-trafficking conspiracy conviction [Docs. 19; 16 ¶¶ 5, 7]. Defendant was classified as an armed career criminal because of his prior violent and drug-related

---

[1] The motions filed at dockets number 45 and 46 are identical to one another, so the Court treats them as one motion.

convictions, which include, among others, (1) simple assault, (2) resisting arrest, (3) robbery, (4) conspiracy to distribute and possess with intent to distribute five (5) or more grams of cocaine base, and (5) possession of a firearm in furtherance of drug trafficking [Doc. 21 ¶¶ 31, 35, 36, 39, *sealed]. Consistent with 18 U.S.C. § 924(e) and the Parties' 11(c)(1)(C) agreement, the Court sentenced Defendant to 180 months' imprisonment to run concurrently with Defendant's revocation sentence in his other federal case [*See* Doc. 28 at 2]. While incarcerated, Defendant possessed a contraband cell phone, in violation of 18 U.S.C. § 1791(a)(2), and he was convicted of that federal offense [*See* Doc. 48-3 at 3]. To date, Defendant has served approximately seventy-nine (79) months of his sentence, and he is expected to complete his term of imprisonment on August 18, 2029. *See* Inmate Locater, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (last visited Mar. 20, 2023). Defendant has previously filed two (2) motions for compassionate release, which this Court denied [*See* Docs. 36; 43].

Defendant now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) because of his "health conditions"—including diabetes, "high blood pressure," and obesity—and the COVID-19 pandemic [Docs. 45 at 1; 46 at 1]. Defendant provided documentation showing that he petitioned the Warden of his facility for a reduction in his sentence [*See* Docs. 45 at 2; 46 at 2]. The United States opposes any sentence reduction because Defendant "has not shown that his release would be consistent with 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A)" [Doc. 48 at 2]. The United States specifically highlights that Defendant's conduct in this case was "unquestionably serious" and Defendant "incurred an additional conviction" while incarcerated [*Id.* at 5-6].

**II.        Analysis**

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946,

948 (6th Cir.2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If a defendant meets the threshold requirement, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Because consideration of the Section 3553(a) factors is dispositive, the Court begins and ends its analysis there.[2] Defendant is serving a 180-month mandatory minimum sentence for possessing a firearm and ammunition as a convicted felon while on supervised release for another federal conviction [Docs. 16 ¶ 1(a); 28 at 2]. *See* 18 U.S.C. § 3553(a)(3), (4). Defendant has a substantial, violent criminal history; he represents a grave threat to the safety of the community. As such, the nature and circumstances of the instant offense and the history and characteristics of Defendant counsel against a sentence reduction, and the full sentence is required to protect the public from potential further crimes of Defendant. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Further,

---

[2] In his Motion, Defendant included documents that he sent to the warden at the Bureau of Prisons requesting compassionate release [Docs. 45 at 2; 46 at 2]. The United States also documented the warden's denial of Defendant's request [*See* Doc. 48-1 at 1]. As such, Defendant has satisfied the threshold exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

3

Defendant's additional conviction for possessing a contraband cell phone while incarcerated indicates that the existing sentence is required to promote respect for the law and deter Defendant from criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A), (B). On balance, the relevant Section 3553(a) factors weigh against providing a sentence reduction.

Having considered all the Section 3553(a) factors, a reduction of Defendant's sentence remains inappropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Accordingly, the Court **DENIES** Defendant's third "Motion[] for Compassionate Release" [Docs. 45; 46].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge