UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-CR-98-KAC-JEM ) |
| MARK CHRISTOPHER RYANS, | ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on a "Letter" [Doc. 54] filed by Defendant Mark Christopher Ryans. The Court construes Defendant's "Letter" as a motion requesting compassionate release. For the reasons stated below, the Court denies Defendant's motion. *See* 18 U.S.C. § 3582(c)(1)(A).

### I. Background

On August 16, 2016, an indictment charged Defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) [Doc. 1]. On March 29, 2017, Defendant pled guilty to being a felon in possession of a firearm and ammunition [Doc. 19]. The Court sentenced Defendant to 180 months' imprisonment, followed by five (5) years of supervised release [*See* Doc. 28 at 2-3]. Prior to the instant offense, Defendant had a lengthy criminal history, including assault, possessing and conspiring to distribute controlled substances, and armed robberies [*See* Doc. 21 ¶¶ 30-39, *sealed]. Defendant has served more than half of his term of imprisonment and expects to complete his term of imprisonment on August 18, 2029. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed August 6, 2024).

On March 29, 2021, Defendant sought "compassionate release due to [his] c[h]ronic care" needs during the COVID-19 pandemic, without providing any authority for the proposed modification [Doc. 31 at 1]. On June 11, the Court denied his request citing the relevant 18 U.S.C. § 3553 factors [*See* Doc. 36 at 3-4]. *See* 18 U.S.C. § 3582(c)(1)(A). On July 26, Defendant filed a second motion asking the Court to modify his sentence under the "First Step Act," noting that he had several "debilitating medical concerns" including "diabetes, hypertension, obesity, [and] high blood pressure" and that the COVID-19 pandemic was still a concern [Doc. 38 at 2-3]. On November 8, the Court denied Defendant's request because he did "not demonstrate[] that he met the threshold exhaustion requirement" [Doc. 43 at 2]. On April 26 and 27, 2022, Defendant filed two more motions for compassionate release, restating his concerns about his health conditions and the COVID-19 pandemic and providing evidence that he "petitioned the Warden of his facility for a reduction in his sentence" [Docs. 45, 46; *see also* Doc. 51 at 2]. On March 20, 2023, the Court denied these requests citing the relevant Section 3553 factors [*See* Doc. 51 at 3-4]. *See* 18 U.S.C. § 3582(c)(1)(A). On June 29, Defendant filed another motion requesting release, [Doc. 52], and the Court again denied the request because Defendant failed to cite any "viable identifiable legal basis" [Doc. 53 at 2].

On September 18, 2023, Defendant filed the instant motion. The Court appointed counsel under Standing Order 21-09, and counsel "determined [that] no additional pleadings will be filed" [Doc. 57 at 1]. The Government opposes Defendant's motion because (1) the Court "already denied an identical motion from him" and (2) Defendant is ineligible for a reduction in sentence under Section 3582(c)(1)(A) [*See* Doc. 59 at 2]. The Government also asserts that Defendant "has not alleged that he satisfied [the] requirement" that he "fully exhaust[] all administrative rights to appeal" with the Bureau of Prisons [*See id.* at 2-3].

## II.      Analysis

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013).  Section 3582(c)(1)(A) does, however, provide narrow circumstances under which the Court may reduce an incarcerated individual's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the . . . [individual's] behalf" or thirty (30) days must have elapsed "from the receipt of such a request by the warden of the . . . [individual's] facility," whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted).  The "district courts may deny compassionate-release motions when any of the three prerequisites listed in [Section] 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Here, the Court construes Defendant's "Letter" as a motion for compassionate release under Section 3582(c)(1)(A).  This liberal construction benefits Defendant and provides some legal basis for the Court to consider his motion. *See* 18 U.S.C. § 3582(c)(1)(A).  Defendant, however, fails to provide any evidence that he administratively exhausted his claim [*See generally* Doc. 54 (offering no evidence of exhaustion)].  And because the United States has asserted that Defendant failed to exhaust, [*see* Doc. 59 at 3-4], Defendant's failure to demonstrate administrative exhaustion is fatal to his motion, *see United States v. Alam*, 960 F.3d 831, 832-

3

34 (6th Cir. 2020) (noting that when the United States "properly invoke[s]" the exhaustion requirement, it "must be enforced").

**III.     Conclusion**

Accordingly, the Court **DENIES** Defendant's motion requesting compassionate release [Doc. 54].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

4

Case 3:16-cr-00098-KAC-JEM   Document 61   Filed 08/06/24   Page 4 of 4   PageID #: 309